### Cliff Crowder v. The State.

#### No. 3269.   Decided May 16, 1906.

**Theft of Mules—Evidence—Detective—Consent.**

Where upon trial for theft of mules, the evidence showed that the owner had made a written contract with a detective in order to catch defendant whom they believed had been stealing the owner's stock, and the court charged that if said detective induced defendant to commit the theft, and that the intent to steal on part of the defendant originated with and was suggestead by said detective, it would be a taking with the consent of the owner, there was no error.

Appeal from the District Court of Brown.   Tried below before the Hon. John W. Goodwin.

Appeal from a conviction of theft of mules; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. J. Scott* and *Wilkinson & Lee,* and *Jenkins McCartney,* for appellant.—On question of consent:   Speiden v. State, 3 Texas Crim. App., 163; Allen v. State, 91 Am. Dec., 477.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction is for the theft of mules: two years confinement in the penitentiary assessed against appellant as the punishment.   The evidence discloses that appellant was found in possession of the mules alleged to have been stolen in company with Andrew McMillan and Welch.   The evidence further shows that W. M. Hopper and G. W. Hutchison made a written contract with Andrew McMillan to act as a detective in order to catch appellant, whom they believed had been stealing their stock.   By the terms of the contract with McMillan, the latter was to go with John Welch and defendant and steal a bunch of stock, and blow them into the officers' hands, with the understanding that McMillan should not be prosecuted, and should receive a fee of $150, for his service as such detective.   Seventeen mules and one horse were taken by the parties.   However, appellant's insistence is that, under the evidence, the stock were taken with the consent of the owner Hutchison, he having induced McMillan to go with appellant and Welch to commit the theft.   Hutchison testified that it was not his understanding that the parties were to steal his stock. In addition to appellant's contention that the evidence fails to show a want of consent, he also submitted several special charges on this state

of facts. These charges were given in the main charge of the court. The court charged the jury to the effect that if the said McMillan induced appellant to commit the theft, and that the intent and purpose to steal originated with and was suggested by said McMillan, it would be a taking with the consent of the owner, Hutchison, and they should in that event acquit appellant. If an owner of property in order to detect a thief directs another person to apparently encourage the thief's design, and lead him on, and the act is consummated, it would be theft, provided the owner or his agent did not induce the original intent on the part of the thief. Alexander v. State, 13 Texas Ct. Rep., 936; Pigg v. State, 43 Texas, 110; Conner v. State, 24 Texas Crim. App., 250; McGee v. State, 66 S. W. Rep., 562; State v. McAfee, 50 S. W. Rep., 83 (Mo.); U. S. v. Whittier, 5 Dill, 35, 40 Fed. cases, 16, 688; U. S. v. Wight, 38 Fed., 111. See also 81 Am. Dec., 366, note.

The evidence overwhelmingly shows appellant's guilt. There being no error in the mode and manner in which appellant was tried, the judgment is affirmed.

*Affirmed.*