PERCY CARNES V. THE STATE.

No. 19277.   Delivered January 5, 1938.
Rehearing denied February 23, 1938.

The opinion states the case.

*Wynne & Wynne,* of Wills Point, and *Howard L. Martin,* of Talco, for appellant.

*L. O. Orsborn,* County Attorney, of Canton, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for theft of cattle and the punishment assessed is confinement in the State Penitentiary for two years.

The only contention which appellant makes is that the evidence is insufficient to sustain his conviction by reason of his claim of the owner's consent to the taking of the cattle.

The record shows that sometime prior to the commission of the offense, the appellant, S. J. Chandler and Albert Godwin had agreed among themselves to steal some of Howell's cattle. Howell was informed by Godwin of the agreement and told Godwin to go ahead and assist in carrying out the agreement but to keep him advised on what night the cattle would be taken so that he might be at the pasture with the officers to apprehend them. Godwin did as requested and as a result, Howell and the officers were near the pasture at the time the offense was committed. The appellant, Chandler and Godwin, came to the pasture in an automobile to which was attached a trailer, went to a corral which had theretofore been constructed, loaded five head of cattle, and started to leave with them. After they had gotten out of the gate, the officers started toward the car and the trailer. Appellant, who observed them, ran, leaving his hat in the trailer. The next morning Currie Cook, who was going from Van to Grand Saline, saw appellant coming out of the weeds. He was wet and without a hat. Cook invited him into his car, carried him to Grand Saline, and let him out in front of the State National Bank. Howell, as well as the officers, identified appellant as one of the men who came to the pasture and loaded the cattle into the trailer. The trailer, as well as the hat found therein, were identified as appellant's property. Howell testified that he did not give his consent to the taking of the cattle.

Appellant seems to take the position that because the owner of the cattle told Godwin to go ahead with the scheme that it connected him with the original design to steal the cattle; that he had entered into a conspiracy with an accomplice to induce appellant and his companions to commit the crime in order that an arrest might be made and the appellant charged with the theft.

If the design to steal the cattle or to enter into a conspiracy with appellant and others to do so had originated with Howell, the owner, then the appellant's position might be correct, but in the instant case, Howell had no connection with the original design to commit the offense. An agreement, or at least a tentative agreement had already been entered into by three persons, Carnes (appellant), Chandler, and Godwin, of which Howell was informed, and he merely suggested to the informer to go ahead with the agreement with his coconspirators, but to keep him, Howell, informed as to when the cattle were to be taken.

The established rule in this State is aptly stated in Volume 41, p. 76, Texas Jurisprudence, as follows:

"The offense of theft may be committed though the taking is with the knowledge of the owner of the property stolen, provided he does not consent. Thus the fact that the owner does nothing to prevent a theft which he suspects is about to be committed, or, in order to detect a thief, directs another person apparently to encourage his design and lead him on, will not prevent the taking from being theft, provided the owner or his agent did not induce the accused to commit the offense. In other words, where the criminal design originated with the accused, and the owner or his agent or servant does not suggest the design nor actively aid the commission of the crime, the mere fact that the owner or agent exposes the property, neglects to protect it, or furnishes facilities for the execution of the criminal design, under the expectation that the accused will take the property or avail himself of the facilities furnished, will not amount in law to consent, though the agent or servant, by the instructions of the owner, appears to cooperate in the commission of the crime."

In the case of Crowder v. State, 96 S. W. 934, this Court, speaking through Judge BROOKS, said:

"If an owner of property, in order to detect a thief, directs another person to apparently encourage the thief's design and lead him on, and the act is consummated, it would be theft, provided the owner or his agent did not induce the original intent on the part of the thief."

Appellant relies upon the case of Speiden v. State, 3 Texas Crim. Rep. 156. In that case the consummation of the offense was first suggested and originated in the mind of the officers and owner, whereas in this case according to the record, the commission of the offense was suggested by the appellant and Chandler. Hence, that case is readily distinguishable from the case at bar.

In the case of Bird v. State, 90 S. W. 651, it is made plain that if the owner was not connected with the original design, but, ascertained the original purpose to break into the house, afterwards joined in it sufficiently to bring about detection, his consent would not be obtained. It occurs to us that Howell's instructions to Godwin were for the purpose of apprehending the offenders and in no way did he consent to the taking of his cattle.

Believing that the evidence is sufficient to justify and sustain appellant's conviction, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's motion for a rehearing claims that although the testimony might have shown a prior formed conspiracy, in which Russell Howell, the owner of the alleged stolen cattle was not interested, that on account of the fact that for some unknown reason, at the first attempt to steal these cattle, there was a failure to carry out their purpose, and the fact that another and further effort which was successful, and which Mr. Howell was aware of, would be in effect the giving of Mr. Howell's consent to the taking of such cattle, and therefore such taking would not be unlawful. We can not agree to such contention. The mere fact that a failure was had on the first attempt to get such cattle would not of necessity mean an abandonment of such purpose, and its continuation would not mean a new conspiracy, so it seems to us, but only a new date possibly for the carrying out of such conspiracy.

Mr. Howell had been informed by one of the conspirators that certain parties had conspired to steal his cattle, and such person agreed to let Mr. Howell know when they expected to carry out such agreement. He merely told the informer to let him know when the attempt to get the cattle was to be made. He did not enter into the conspiracy, nor give his consent to the taking. He testified:

"I did not give Percy Carnes my consent, or I did not give Albert Godwin or anyone my permission or consent to take those five head of cattle. They were my cattle."

Appellant again quotes Speiden v. State, 3 Texas Crim. App. 156. We quote from Johnson v. State, 3 Texas Crim. App. 590: "The facts in that case [Speiden v. State] show that the defendant had entered the bank at the solicitation of a detective rightfully in possession with the consent of the owner." Not so in this case. No one had Mr. Howell's consent to take his cattle.

The appellant again urges the authority of Bird v. State, 90 S. W. Rep. 651. As we understand that case, it holds, in effect, that where the owner of a house was not connected with the original design to break the same, but on discovering such design joined in it sufficiently to bring detection, his consent would not be obtained to the entry so as to bar a conviction of the other parties of the crime of burglary.

It seems to us that we were correct in our original opinion, and the motion for rehearing is overruled.